ROY J. STALLARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stallard v. Commissioner
Docket No. 25764-90
United States Tax Court
T.C. Memo 1992-593; 1992 Tax Ct. Memo LEXIS 617; 64 T.C.M. (CCH) 993; October 5, 1992, Filed *617 An appropriate order granting respondent's motion to dismiss and for a penalty and awarding a penalty in the amount of $ 8,000 and denying petitioner's motions for judgment and decision for respondent will be entered. For Roy J. Stallard, pro se. For Respondent: J. Michal Nathan
FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This case is before this Court on respondent's Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted and Motion For Damages Under Section 6673, both filed on April 16, 1991. *618 On April 27, 1992, petitioner filed a Motion For Summary Judgment. On September 14, 1992, petitioner filed a motion for default judgment under Rule 123 with respect to his motion for summary judgment. By notices of deficiency dated January 12, 1989, respondent determined the following deficiencies in and additions to petitioner's Federal income taxes for the 1981 through 1987 tax years: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1) [1]
Sec. 6654
Sec. 6661
1981
$ 17,284
$ 2,599
$ 864
$ 664
--  1982
3,587
897
179
349
--  1983
10,504
2,626
525
642
$ 2,626
1984
2,151
496
108
122
--  1985
9,847
771
492
80
771
1986
9,697
615
485
32
--  1987
10,816
1,593
541
254
1,593
*619 Petitioner resided in Reno, Nevada, when he filed his petition and amended petition. During the years 1981-1983, petitioner received income from Braniff Airlines and during 1984-1987, he received income from Continental Airlines. Petitioner filed a Form 1040NR, U.S. Nonresident Alien Income Tax Return, for each of the years in issue. On the address line of each of these returns, petitioner reported that he resided in the Colorado Republic. In response to the question on Form 1040NR, "Of what country were you a citizen or national during the tax year?", petitioner replied "Texas Republic" for 1981 and 1982. He replied "Washington Republic" for 1983 and "Colorado Republic" for 1984-1987. Petitioner alleges in his petition the following errors in the notice of deficiency: a. The presumption, determination or failure to determine that the petitioner was or was not a resident individual for any portion of the years in question. b. The presumption, determination or failure to determine that either the person or the property of the petitioner were subject to the legislative jurisdiction of the United States for any portion of the years in question. c. The presumption, determination *620 or failure to determine that the petitioner was or was not a U.S. citizen (i.e., that he was either naturalized or born in a geographic area subject to the legislative jurisdiction of the United States). d. The presumption, determination or failure to determine that the petitioner was either a resident alien individual or a nonresident alien individual during any portion of the years in question. e. The presumption, determination or failure to determine that the petitioner was or was not a U.S. citizen residing abroad. f. The presumption, determination or failure to determine that the petitioner was or was not paid payments which were taxable income from a source or sources within or without the United States. g. The presumption, determination or failure to determine that the repayment of certain debts to the petitioner by others either constituted an activity within the subject matter of the Internal Revenue Code or that such payments were derived from sources within the subject matter of the Internal Revenue Code or that such repayments constituted taxable income to the petitioner. h. The presumption, determination or failure to determine that the petitioner was or was *621 not entitled to deductions and allowances under Code section 162 et. seq. i. The presumption, determination or failure to determine that the petitioner is or was in a master and servant relationship with any entity. In the motion to dismiss, respondent urges that petitioner has failed to satisfy the requirements of Rule 34(b) in his petition and also that the petition here amounts to "a statement making frivolous assertions and tax protestor type constitutional arguments with no factual basis." Petitioner opposes the motion to dismiss and in Petitioner's Opposition to Respondent's Motion to Dismiss states: By my birth in California of parents not subject to the incapacity of race, I am in law and fact, politically free by birth (libertas). Thus with respect to 14th amendment citizenship, I am alien and with respect to 14th amendment residency I am nonresident and with respect to both I am nonresident alien. Petitioner argues that because he is not a citizen within the meaning of the 14th amendment, he is not subject to tax under section 1. At trial, petitioner also argued that he was not able to respond to the notices of deficiency because the notices did not explain whether *622 or not the Commissioner had determined whether petitioner was a resident alien, citizen, or a nonresident alien, and because the notices allege an amount of liability without alleging the underlying reason for the liability. Although petitioner argues that the notices of deficiency were not clear as to the determination of his status as a resident, "no particular form is required for a valid notice of deficiency * * * and the Commissioner need not explain how the deficiencies were determined." Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir. 1987), revg. on other grounds 81 T.C. 855 (1983). Petitioner's 14th amendment argument is frivolous and has been rejected in other similar tax protester cases. See United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986). The Court of Appeals for the Ninth Circuit, to which an appeal of this decision would lie, has rejected the argument that a taxpayer was "an absolute free-born and natural individual" and therefore not a "taxpayer". Id. In the Studley case, the Ninth Circuit stated that "advancement of such utterly meritless arguments is *623 now the basis for serious sanctions imposed on civil litigants who raise them." Id. at 937 n.4. This Court also rejects petitioner's 14th amendment argument as frivolous. Petitioner's arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions. See, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983). Section 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States. During the years at issue, petitioner either resided in the States of Washington, Colorado, or Texas, and therefore was a resident of the United States and subject to tax under section 1. Rule 34(b)(4) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Any issue not raised in the assignment of errors shall be deemed to be conceded." Petitioner has failed to satisfy this standard in his petition. In his petition *624 here petitioner only argues legal conclusions and frivolous legal theories as a basis for his claim and states general allegations that respondent's determinations are erroneous. Neither the petition nor petitioner's testimony at the hearing set forth facts upon which petitioner bases such broad assignments of error. He has failed to assert any justiciable errors of law or fact in respondent's determinations. Under the circumstances of this case, since petitioner has failed to plead facts or advance any legal theory that would indicate that respondent's determinations are incorrect, and since the presumption of correctness is in favor of respondent, Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Rockwell v. Commissioner, 512 F.2d 882, 887 (9th Cir. 1975), affg. T.C. Memo. 1972-133, respondent's motion to dismiss will be granted. Rule 121(b) provides that a motion for summary judgment is to be granted if "there is no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." In his motion for summary judgment, petitioner continues to allege the same *625 frivolous tax protester arguments as he did at the hearing with respect to respondent's motion to dismiss. Petitioner has failed to set forth any basis in law or in fact for judgment in his favor. For the reasons set forth above, petitioner's motion is denied. Also, since the Court has not required respondent to make any written response to petitioner's motion for summary judgment, petitioner's motion for decision under Rule 123 is denied. Whenever it appears to this Court that a taxpayer's position in a proceeding is frivolous or groundless or maintained by the taxpayer primarily for delay, a penalty in an amount not in excess of $ 25,000 may be awarded to the United States by this Court in its decision. Sec. 6673(a). Petitioner's conduct requires the imposition of a penalty payable to the United States under section 6673(a)(1). See Abrams v. Commissioner, 82 T.C. 403, 408-413 (1984). Respondent's motion for a penalty will be granted, and we require petitioner to pay to the United States a penalty of $ 8,000. An appropriate order granting respondent's motion to dismiss and for a penalty and awarding a penalty in the amount of $ 8,000 and *626 denying petitioner's motions for judgment and decision for respondent will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. For 1986 and 1987, the addition to tax for negligence is codified under section 6653(a)(1)(A). For 1981 through 1985, section 6653(a)(2) also applies and imposes an addition to tax in the amount of 50 percent of the interest due on the portion of the deficiency attributable to negligence or intentional disregard of rules or regulations. For 1986 and 1987, section 6653(a)(1)(B) also applies and imposes an addition to tax in the amount of 50 percent of the interest due on the portion of the deficiency attributable to negligence or intentional disregard of rules or regulations.↩