972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John M. ROSS, Plaintiff-Appellant,
v.
Thomas D. ELLIOTT; Joel C. Estes; J. Clifford Wallace,
Chief Circuit Judge; Circuit Judge William C. Canby, Jr.;
Circuit Judge Charles M. Merrill; Circuit Judge Dorothy W.
Nelson; Circuit Judge William A. Norris; Circuit Judge
Mary M. Schroeder; Circuit Judge Joseph T. Sneed; Chief
Judge Robert E. Coyle; Chief Judge Justin L. Quackenbush;
Senior Judge Howard B. Turrentine; Judge John J. Hargrove;
Judge Louise D. Malugen; Edward Patrick Swan, Jr.; Howard
B. Frank, Esq.; E. Myles Harvey; Malcolm L. Lucas, Chief
Judge; Justice Stanley Mosk; Justice Allen E. Broussard,
Justice Edward A. Panelli; Justice David N. Eagleson;
Justice Marcus M. Kaufman; Justice Joyce L. Kennard; and
Honorable Robert Wandruff, the Clerk of the California
Supreme Court; William Davis; Diane C. Yu; Herbert Katz;
Jennifer Gee; James W. Meyers; Richard J. Zanassi;
William B. Enright; Colin P. Wong; Hon. Gordon Thompson,
Jr.; Dane C. Dauphine; Earl B. Gilliam; Peter K. Nunez;
Ellen R. Peck; Scott C. Fitcher; Kevin J. Hoyt; Bernard
M. Hansen; Richard R. Spirra; Reg A. Vitek; Craig A.
Courter; Donald C. Bauder, Defendants-Appellees.
 No. 91-56136.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 17, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Ross is an attorney who represented the partners of Frontier Properties in bankruptcy proceedings. See In re Lewis W. Shurtleff, Inc., 778 F.2d 1416, 1417-18 (9th Cir.1985). Years after the conclusion of this bankruptcy litigation, Ross has continued to challenge the inclusion of certain property in the bankruptcy estates of Shurtleff and Frontier. The present case involves claims against more than ninety defendants under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, for alleged conspiracy to deprive Ross and his clients of property through disingenuous interpretations of bankruptcy law.
 
 
 3
 This is not the first time Ross has made such claims. Without exception, however, his claims have been dismissed as meritless and have resulted in sanctions against him. In litigation which immediately preceded this action, the federal district court rejected Ross's RICO claims and permanently enjoined Ross from bringing additional repetitive claims based on the earlier bankruptcy proceedings unless he first received permission from the court. See Ross v. Elliott, Nos. 89-55917, 89-56262, 90-55079, 1992 U.S.App. LEXIS 616, reported in table, 952 F.2d 1399 (9th Cir. Jan. 13, 1992).
 
 
 4
 In the present case, the district court held that Ross's claims were barred under the doctrine of res judicata. See Federated Department Stores v. Moitie, 452 U.S. 394, 398 (1981); Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). We agree and affirm.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this is just another frivolous appeal in a long line of frivolous litigation, we impose sanctions against Ross by awarding the defendants their attorneys fees and double costs on appeal. See Wilcox v. CIR, 848 F.2d 1007, 1009 (9th Cir.1988); Ross v. Elliot, supra