990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. ROSS, Defendant-Appellant.
 No. 92-50286.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1993.
Decided March 31, 1993.
 
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 John M. Ross ("Ross") appeals his conviction of contempt of court in violation of 18 U.S.C. § 401(3). Ross challenges on appeal: (1) the district court's denial of Ross's motion to recuse the district judge; and (2) the constitutionality of the injunction that he violated, which provided the underlying basis for his contempt conviction. This court has jurisdiction under 28 U.S.C. § 1291. We find no error and therefore we affirm.
 
 BACKGROUND
 
 3
 In October 1988, Ross filed a civil lawsuit in the Southern District of California against fifteen defendants, including a number of private individuals, attorneys, federal prosecutors, federal judges, a law firm, and two bankruptcy estates. Ross, who included himself as a plaintiff, represented the plaintiffs in the action. The complaint alleged a racketeering conspiracy involving bribery, extortion, and corruption, all primarily as a result of the administration of the Chapter 11 bankruptcies of Frontier Properties, Inc. and Lewis M. Shurtleff, Inc. The defendants included two U.S. Bankruptcy Court judges and three U.S. District Court judges, all from the Southern District of California. Consequently, all of the judges in the Southern District recused themselves because their colleagues were potential witnesses. The case was assigned to a visiting judge, the Honorable Justin L. Quackenbush.
 
 
 4
 On April 21, 1989, Judge Quackenbush rendered an extensive Memorandum Opinion and an Order Imposing Sanctions. The opinion and order dismissed the complaint with prejudice and also permanently enjoined Ross from:
 
 
 5
 a. [F]iling, bringing, or otherwise instigating, against these defendants any legal or equitable action, of any type, in any court or administrative agency in or of the United States, or any state of the United States, which is based in any way on the sale of the properties, the disposition of the proceeds of sales, or the disclosure statement or any acts by defendants Elliott or Estes connected in any way to the Shurtleff and Frontier bankruptcies;
 
 
 6
 b. [F]iling, bringing, or instigating any legal or equitable action against these defendants, their attorneys, or court personnel based in whole or in part upon the factual and legal issues involved in this action, including any reasonable attempts by these defendants to recover attorneys' fees and costs awarded against plaintiffs; and,
 
 
 7
 c. [F]iling, bringing or instigating any legal or equitable action based in whole or in part upon the acts alleged in or issues raised by the complaint herein against any person, corporation, organization, or agency, without the express permission of the United States District Court for the Southern District of California.
 
 
 8
 Judge Quackenbush's opinion and order came in the wake of Ross's filing of more than twenty lawsuits against over one hundred defendants since 1978. All of these suits had been dismissed and most had resulted in the imposition of some type of sanction on Ross. See, e.g., The Standing Committee on Discipline v. Ross, 735 F.2d 1168, 1170-71 (9th Cir.), appeal dism'd, cert. denied sub nom. Frontier Properties v. Elliott, 469 U.S. 1081 (1984). Ross's typical practice has been to add as defendants in subsequent lawsuits lawyers, prosecutors, and judges involved in prior proceedings, including disciplinary actions and prosecutions, by claiming that all such individuals are co-conspirators.
 
 
 9
 On February 7, 1991, Ross filed a new lawsuit in the Superior Court of the State of California for the County of San Diego. As the sole plaintiff, Ross named ninety-five defendants, including eleven of the fifteen named in the 1988 lawsuit dismissed by Judge Quackenbush. The additional defendants included Judge Quackenbush and other federal district judges, several Ninth Circuit judges, a number of new and previously sued attorneys and prosecutors, and all of the individuals named as plaintiffs in the 1988 lawsuit. The case was removed to the U.S. District Court for the Southern District of California on March 7, 1991.
 
 
 10
 On June 25, 1991, the Honorable Judith Keep, Chief U.S. District Judge for the Southern District of California, dismissed the complaint with prejudice. In addition, Chief Judge Keep referred the matter to the U.S. Attorney's office to consider criminal contempt proceedings as a result of Ross's violation of Judge Quackenbush's 1989 order.
 
 
 11
 On August 14, 1991, the U.S. Attorney's office filed an indictment against Ross for criminal contempt. The government also filed a "notice of related case," requesting that the same court that heard the underlying civil case forming the basis for the contempt proceedings also hear the criminal contempt case. Consequently, the case was assigned to Chief Judge Keep.
 
 
 12
 On October 24, 1991, without recourse to his attorney, Ross moved to recuse Chief Judge Keep. After a hearing on its merits, Chief Judge Keep denied the motion without prejudice. On November 12, 1991, this time through his attorney, Ross filed a second motion for recusal and an accompanying Affidavit of Bias, as required by 28 U.S.C. § 144. Following a hearing on its merits, Chief Judge Keep similarly denied this motion, again without prejudice.
 
 
 13
 On January 24, 1992, following a bench trial, Ross was convicted of contempt of court in violation of 18 U.S.C. § 401(3). On March 27, 1992, the court sentenced him to five years of unsupervised probation. Ross now appeals his conviction on the basis of Chief Judge Keep's refusal to recuse herself.
 
 ANALYSIS
 I. Motion to Recuse Chief Judge Keep
 
 14
 We review a district judge's denial of a motion for recusal for abuse of discretion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1294 (9th Cir.1992); United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992).
 
 
 15
 Two federal statutes govern recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455. Title 28 U.S.C. § 144 provides that a judge shall be disqualified where she has "a personal bias or prejudice either against [a party] or in favor of any adverse party." 28 U.S.C. § 144. See United States v. Heffington, 952 F.2d 275, 278 (9th Cir.1991). Under § 144, the party moving for recusal must also file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. If the judge to whom a timely motion and accompanying affidavit is directed determines that the affidavit specifically alleges facts providing grounds for recusal under § 144, "the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980). Similarly, 28 U.S.C. § 455 provides, in relevant part, that federal judges and magistrates must recuse themselves if they have "a personal bias or prejudice concerning a party."[1] 28 U.S.C. § 455(b)(1). See Heffington, 952 F.2d at 278.
 
 
 16
 The standard for recusal based on personal bias and prejudice under §§ 144 and 455 is the same: " '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) (citations omitted). See also Sibla, 624 F.2d at 867. The alleged bias and prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). See also United States v. Azhocar, 581 F.2d 735, 739-40 (9th Cir.1978), cert. denied, 440 U.S. 907 (1979). " 'An exception to [this] rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party.' " United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989) (citation omitted).
 
 
 17
 In the absence of specific allegations of personal bias or prejudice, neither prior adverse rulings nor "participation in a related or prior proceeding" is sufficient to constitute the requisite bias or prejudice. United States v. Nelson, 718 F.2d 315, 321 (9th Cir.1983); Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir.1981) (citations omitted). Likewise, a "judge is not disqualified by a litigant's suit or threatened suit against [her], ... or by a litigant's intemperate and scurrilous attacks." Studley, 783 F.2d at 940.
 
 
 18
 Here, the district judge found Ross's affidavit to be legally insufficient on the grounds that his allegations did not stem from an extrajudicial source. The motion and affidavit filed by Ross contain conclusory allegations and do not allege any specific facts revealing personal bias or prejudice stemming from an extrajudicial source. Rather, Ross alleges bias solely as a result of actions taken by Chief Judge Keep in the context of judicial proceedings. Specifically, Ross claims bias and prejudice because the district judge allegedly contacted the State Bar of California regarding Ross's status within the Bar and suggested that disbarment proceedings be brought against him. Any such contact, however, does not constitute the requisite bias under §§ 144 and 455 because it was prompted solely by information that Chief Judge Keep received in the context of related judicial proceedings.
 
 
 19
 Ross also requested that Chief Judge Keep recuse herself because he had alleged that she was a participant in the above-mentioned conspiracy, although he had not yet filed suit against her. He further suggested that she be impeached or indicted as a result of her continued participation in this allegedly criminal offense. Conduct initiated by Ross, however, provides no evidence of Chief Judge Keep's personal bias or prejudice and, hence, no basis for her recusal. See Studley, 783 F.2d at 940.
 
 
 20
 Similarly, the record reveals no remarks by Chief Judge Keep exhibiting bias or prejudice so pervasive as to warrant her recusal under the exception to the extrajudicial requirement. See Monaco, 852 F.2d at 1147. If anything, Chief Judge Keep exercised considerable restraint and professionalism. Hence, she properly rejected Ross's recusal motion as legally insufficient.
 
 II. Legality of Injunction
 
 21
 Ross also challenges his contempt prosecution on the grounds that Judge Quackenbush's injunction was illegal. Hence, Ross contends, any prosecution resulting from violation of such injunction was also illegal. We have examined the merits of Ross's contentions and find that they are without merit.
 
 
 22
 Accordingly, WE AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bias or prejudice consists of "an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes." United States v. Conforte, 624 F.2d 869, 881 (9th Cir.), cert. denied, 449 U.S. 1012 (1980). This bias or prejudice may be apparent or actual. See, e.g., Preston v. United States, 923 F.2d 731, 734 (9th Cir.1991)