43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John M. ROSS, Plaintiff-Appellant,
v.
UNITED STATES of America; Thomas D. Elliott; Joel C.
Estes; Kevin J. Hoyt; Bernard M. Hansen,
Defendants-Appellees.
 No. 94-55559.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.***
 
 
 1
 MEMORANDUM****
 
 
 2
 John M. Ross appeals pro se the district court's orders dismissing his complaint against the United States and alleged government employees and denying leave to file the same action as well as another lawsuit against certain private individuals. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Ross is subject to two injunctions entered by the district court for the Southern District of California after he filed frivolous and vexatious lawsuits challenging certain bankruptcy decisions. The injunctions require Ross to seek the court's leave before filing any action concerning In re Lewis W. Shurtleff, Inc., a bankruptcy case which is reported in part at 778 F.2d 1416 (9th Cir.1985). The 1989 injunction also absolutely prohibits Ross from suing certain individuals, their attorneys, and court personnel with regard to the Shurtleff bankruptcy. See United States v. Ross, No. 92-50286, 1993 WL 94360, at ** 1 (9th Cir. Mar. 31, 1993) (setting forth 1989 injunction). We have previously upheld the 1989 injunction over Ross's challenge. See id. at ** 4.
 
 
 4
 This appeal concerns Ross's efforts to bring two new lawsuits regarding the Shurtleff bankruptcy. The district court dismissed both actions because they arise "out of the same legal and factual issues of the prior litigation, and because Ross did not receive court permission to file th[e] complaint[s]." When Ross subsequently sought the court's permission to file the actions, the court rejected the requests and Ross appealed.[1]
 
 
 5
 A district court may dismiss an action for failure to comply with a court order, Fed.R.Civ.P. 41(b), and we review such dismissals for abuse of discretion, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Five factors should be weighed in determining whether to dismiss a case for failure to comply with a previous order: (1) the public's interest in expeditious resolution of litigation; (2) the district court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id. at 1260-61. After weighing these factors, we conclude the district court did not abuse its discretion by dismissing Ross's action against the United States and its alleged employees. The action was covered by the pre-filing orders, and Ross failed to obtain permission before filing the action.
 
 
 6
 We agree with appellees that the district court's refusal to grant leave to file a complaint pursuant to a pre-filing order should be reviewed for abuse of discretion. Cf. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court did not abuse its discretion by refusing to grant Ross leave to file his two new actions. Although the actions purportedly assert new legal theories, including theories under the Federal Tort Claims Act, they involve the same factual allegations regarding the Shurtleff bankruptcy which Ross made in previous lawsuits. Indeed, these actions name many of the same defendants, including court personnel, whom Ross has been permanently enjoined from suing with regard to the Shurtleff bankruptcy. Ross's contention that the district court lacks authority to prevent filings in state court is irrelevant and meritless. The action he filed in state court was removed to federal court before it was dismissed and, in any event, federal courts have power to limit state court filings, see Charlton v. Estate of Charlton, 841 F.2d 988, 989 (9th Cir.1988).[2]
 
 
 7
 Appellees defending the district court's order in S.D.Cal. No. 94-0084 request sanctions against Ross for bringing a frivolous appeal. While we have previously imposed sanctions against Ross for his appeals concerning the Shurtleff bankruptcy, see Ross v. Elliott, No. 91-56136, 1992 WL 167959, at ** 1 n. 1 (9th Cir. July 17, 1992); Ross v. Elliott, Nos. 90-55079, etc., 1992 WL 8146, at ** 4 (9th Cir. Jan. 13, 1992), it appears such sanctions do not deter Ross from bringing frivolous lawsuits. He attempted to file the actions here in spite of two injunctions, previous civil sanctions, a criminal contempt conviction, see Ross, supra, No. 92-50286, and professional discipline, see Standing Comm. on Discipline v. Ross, 735 F.2d 1168 (9th Cir.1984), appeal dismissed and cert. denied, 469 U.S. 1081 (1984). Additional sanctions appear pointless because they are unlikely to deter Ross and it seems unlikely they will be paid, given Ross's assertions that he is bankrupt. We therefore deny the reqquest for sanctions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ross's request for oral argument is denied
 
 
 **
 Addressing the issue raised in this court's August 30, 1994 order, we find the government is a proper party to the appeal from S.D.Cal. No. 93-01639. The remaining appellees are parties to an appeal from S.D.Cal. No. 94-0084, a district court docket number which the clerk is directed to add to the records of this court
 
 
 ***
 Although Ross named several Ninth Circuit judges as defendants in S.D.Cal. No. 93-01639, recusal of a named panel member is not required because the lawsuit concerns prior judicial actions and litigants should not be able to obtain a recusal simply by bringing a meritless action against a judge. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994); United States v. Studley, 783 F.2d 934, 939-40 (9th Cir.1986)
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ross's notice of appeal is timely as to the dismissal of the action against the United States and the denial of leave to file both lawsuits. The notice is untimely as to the dismissal of the action against the private individuals. See Fed.R.App.P. 4(a)
 
 
 [2]
 In his complaints, Ross alleges that as part of an ongoing conspiracy arising from the Shurtleff bankruptcy he was wrongfully subjected to psychiatric examinations during his imprisonment for contempt of court. In affirming the district court's orders, we express no opinion on the merit of a separate action based solely on events occurring during Ross's incarceration