116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
John Michael ROSS, Defendant-Appellant.
 Nos. 95-50214, 95-50279, 95-50301, 95-50513.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1997.
Decided June 20, 1997.
 
 Appeal from the United States District Court for the Southern District of California, Nos. CR-94-01228-JLQ and CR-91-00740-JLQ; Justin L. Quackenbush, District Judge, Presiding.
 BEFORE: SCHROEDER, BRUNETTI, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Guilty Plea Conviction
 
 2
 Ross appeals his guilty plea conviction for threatening two federal judges and mailing threatening communications. Ross argues that his guilty plea conviction should be reversed because Judge Quackenbush was biased against him. The government argues that: (1) Ross waived his right to appeal, and (2) Judge Quackenbush did not err by failing to recuse himself.
 
 
 3
 A. The District Court Preserved Ross's Right to Appeal
 
 
 4
 Because the district court told Ross he had the right to appeal, that right was not waived by the plea agreement. United States v. Buchanan, 59 F.3d 914, 916-19 (9th Cir.1995). Ross did not violate his plea agreement by filing this appeal because the district court preserved Ross's right to appeal. Accordingly, we reject the Government's request to remand this case to the district court to set aside Ross's guilty pleas.
 
 
 5
 B. The District Court Did Not Err by Denying Ross's Motion to Recuse Judge Quackenbush
 
 
 6
 The First and Tenth Circuits disagree as to whether a defendant may appeal the denial of a motion to recuse after pleading guilty. Compare United States v. Chantal, 902 F.2d 1018 (1st Cir.1990), with United States v. Gipson, 835 F.2d 1323 (10th Cir.1988). Resolution of this issue is not necessary, however, because even if Ross is permitted to appeal the issue, his argument is meritless.
 
 
 7
 In his opening brief, Ross asserts two errors committed by the district court regarding its failure to recuse Judge Quackenbush. First, he argues that Judge Gonzalez erred by denying his motion to recuse Judge Quackenbush. Second, he argues that Judge Quackenbush erred by failing sua sponte to recuse himself.
 
 
 8
 A district court's decision whether to grant a motion for recusal is reviewed for an abuse of discretion. United States v. Chischilly, 30 F.3d 1144, 1149-50 (9th Cir.1994). When recusal is not raised below, the allegation of judicial bias is reviewed for plain error. United States v. Bosch, 951 F.2d 1546, 1548 (9th Cir.1991).
 
 
 9
 Ross brought his motion to recuse Judge Quackenbush under 28 U.S.C. §§ 144, 455(a) & (b)(1), alleging that Judge Quackenbush was biased or prejudiced against Ross. The test for bias or prejudice is identical under § 144 and 455. United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980). In support of his motion to recuse, Ross included the affidavit of his attorney. The only fact supporting the allegation that Judge Quackenbush was prejudiced was that Ross had previously filed a lawsuit against Judge Quackenbush. We have previously rejected precisely the same argument raised by Ross in an earlier case. See United States v. Ross, No. 92-50286, 1993 WL 94360 (9th Cir. Mar. 31, 1993). That case involved Ross's attempt to recuse Judge Keep from presiding over his criminal contempt trial. As we explained in the previous disposition, Ross may not create a basis for recusal simply by naming federal judges as defendants in his ongoing and prolific litigation efforts.
 
 
 10
 Ross also argues that even if Judge Gonzalez did not err in denying his motion to recuse, that Judge Quackenbush sua sponte should have recused himself under 28 U.S.C. § 455. Ross did not raise this issue before Judge Quackenbush. "While such a failure 'does not preclude raising on appeal the issue of recusal under § 455,' it does increase [his] burden in demonstrating that the district judge erred in not recusing himself." Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991). Ross's claim is meritless because each allegation of bias relates to comments made by Judge Quackenbush during judicial proceedings. See id. ("[R]ecusal under section 455 is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings.' ").
 
 II. Terms and Conditions of Probation
 
 11
 Ross also appeals from a proposal by Judge Quackenbush to modify Ross's Supervised Release to prevent him from writing harassing letters to persons involved in Ross's lawsuits. Judge Quackenbush first proposed the modification in an Order to Show Cause ("OSC"), signed September 29, 1995. Judge Quackenbush and Ross then discussed the proposal at the OSC hearing on October 23, 1995. Finally, on November 3, 1995, Judge Quackenbush ordered that further proceedings on the proposed modification would be continued for thirty days.
 
 
 12
 Neither the September 29 order, nor the November 3 order, are appealable. The September 29 order was an Order to Show Cause, which is not an appealable order. See 28 U.S.C. § 1291; Weitzman v. Stein, 897 F.2d 653, 657 (2d Cir.1990); Toledo Metal Wheel Co. v. Foyer Bros. & Co., 223 F. 350 (6th Cir.1915). Cf. In re Establishment Inspection of Microcosm, 951 F.2d 121, 121 n. 1 (7th Cir.1991) (doubting, but not holding, that OSC is not an appealable order).
 
 
 13
 The November 3 Order also was not appealable. In that order, the district court stated:
 
 
 14
 IT IS HEREBY ORDERED that the hearing on the modification of the conditions of the Defendant's Supervised Release shall be continued for a period of 30 days. If the Defendant does not resume his prior pattern of mailing unsolicited letters, not required by law, to persons associated with his various legal actions, then the matter of an modification of Supervised Release conditions pertaining thereto be terminated, subject to reopening if such conduct is thereafter resumed.
 
 
 15
 In view of the nature of this Order, no further date will be set at this time for further of this matter.
 
 
 16
 The primary effect of this order was to continue proceedings on modifying Ross's Supervised Release. At oral argument, Ross indicated his concern that the order effectively and indefinitely prevented him from writing letters to persons involved in his various lawsuits. On the contrary, we conclude that the order was of no force or effect with regard to Ross's right to send such letters. Rather, the court simply noted its authority to modify Ross's supervised release if Ross's harassing behavior continued. Because the November 3 order was effective only to continue the proceedings, it is not an appealable order.
 
 III. Sanctions for Frivolous Appeal
 
 17
 We reject the Government's request for sanctions under Federal Rule of Appellate Procedure 38. The Government argued that this appeal is frivolous because Ross had waived his right to appeal in the plea agreement. However, because the district court indicated Ross's right to appeal, the waiver was not effective. Further, we do not consider any of Ross's other arguments to be so lacking in merit as to warrant the imposition of sanctions under Rule 38.
 
 Conclusion
 
 18
 We affirm Ross's guilty plea conviction for threatening two federal judges and for mailing threatening communications. We also conclude that neither the September 29 order, nor the November 3 order was appealable. Finally, we reject the Government's request for sanctions under Rule 38.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3