996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Parviz KARIM-PANAHI, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF TRANSPORTATION; Los Angeles County
Transportation Commission; Metro Rail Transit Consultants;
Daniel, Mann, Johnson & Mendenhall; Ralph M. Parsons
Company; De Leuw, Cather & Company; Bechtel Civil Inc.;
G.V. Diversified; Jenkins, Gales & Martinez; D'Leon
Consulting Engineers; Ralph Stone Company; et al.,
Defendants-Appellees.
 No. 92-55698.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Parviz Karim-Panahi appeals pro se the district court's (1) denial of his motions for preliminary injunction and for disqualification of the district judge, (2) grant of the defendants' motions to set aside entry of default, and (3) dismissal for failure to state a claim of his 42 U.S.C. § 1983 action against the California Department of Transportation and others alleging a conspiracy to exclude him from various engineering projects and to cause him financial hardship. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Failure to State a Claim
 
 
 4
 Karim-Panahi appears to contend that the district court erred by dismissing his action for failure to state a claim. This contention lacks merit.
 
 
 5
 We review de novo the district court's dismissal of an action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655, 656 (1992). Review is limited to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 6
 To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A deprivation of a constitutional right occurs if the person acting under color of state law "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (alteration in original). Even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 7
 In civil rights cases where the plaintiff is pro se the court has an obligation to construe the pleadings liberally to afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). Before dismissal, the court must also provide a pro se litigant with some notice of the deficiencies in the complaint and an opportunity to amend the complaint. See id. at 623-24; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 8
 Here, following a hearing on defendants' motions to dismiss Karim-Panahi's original complaint, the district court dismissed the complaint but granted Karim-Panahi leave to file an amended complaint. In its order granting leave to amend, the district court stated that it was unnecessary to instruct Karim-Panahi on what he needed to plead to state a civil rights claim because he had been so instructed numerous times in his "extensive litigation history."
 
 
 9
 Our review of Karim-Panahi's first amended complaint supports the district court's dismissal of the action. In the complaint, Karim-Panahi raises numerous vague and conclusory allegations of civil rights violations by the defendants. See Ivey, 673 F.2d at 268. Nowhere in the thirty-five page pleading does he allege any specific facts to support his allegations. See id. Given Karim-Panahi's numerous prior civil rights actions in this circuit, he is well aware of the necessity to plead specific facts in support of his civil rights claims. See, e.g., Karim-Panahi, 839 F.2d at 623-24. Accordingly, dismissal of this action for failure to state a claim was proper.
 
 II
 Injunctive Relief
 
 10
 Karim-Panahi appears to contend that the district court erred by denying his request for a preliminary injunction seeking to prevent the defendants from allegedly committing various offenses against him. This contention lacks merit.
 
 
 11
 The denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Religious Technology Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989).
 
 
 12
 To be entitled to injunctive relief, a plaintiff must show that the legal remedy available is inadequate and that he or she is in danger of sustaining substantial and immediate irreparable injury. City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983). A showing of past injury is insufficient; there must be a "real and immediate threat of repeated injury." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).
 
 
 13
 Here, the numerous conclusory allegations Karim-Panahi raises in his complaint demonstrate neither that his legal remedy is inadequate nor that he is in danger of sustaining substantial and immediate irreparable harm. See City of Los Angeles, 461 U.S. at 103. Accordingly, the district court did not err by denying Karim-Panahi's request for injunctive relief.
 
 III
 Entry of Default
 
 14
 Karim-Panahi appears to contend that the district court erred by setting aside the defaults entered against defendants Jenkins, Gales & Martinez, Inc. and D'Leon Consulting Engineers. This contention lacks merit.
 
 
 15
 We review for abuse of discretion the district court's decision to set aside a default where the court finds good cause to do so. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir.1986) (per curiam). "A decision on a motion to set aside a default is not an abuse of discretion unless the court is 'clearly wrong' in its determination of good cause." Id. (quoting Provident Security Life Ins. Co. v. Gorsuch, 323 F.2d 839, 842 (9th Cir.1963)).
 
 
 16
 Here, defendants Jenkins, Gales & Martinez, Inc. and D'Leon Consulting Engineers failed timely to answer Karim-Panahi's amended complaint. Upon Karim-Panahi's request, the clerk of the court entered default against these defendants. In response to both defendants' motions to set aside the entry of default, the district court found that good cause to do so existed because "(1) Defendants were not properly served; (2) Defendants' conduct in allowing entries of default to be taken was not wilful or knowing; (3) Defendants have meritorious defenses to the First Amended Complaint; and (4) Plaintiff will suffer no prejudice by the setting aside of the defaults as Plaintiff knew Defendants were preparing to defend against the First Amended Complaint."
 
 
 17
 Based on the record before us, we cannot say that the district court's finding of good cause was "clearly wrong." See Mendoza, 783 F.2d at 945-46. Accordingly the district court did not err by setting aside the entry of default.
 
 IV
 Motion to Disqualify
 
 18
 Karim-Panahi appears to contend that the district court erred by denying his motion to disqualify the judge. This contention lacks merit.
 
 
 19
 We review for abuse of discretion the district court's decision to deny a motion to disqualify. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990).
 
 
 20
 Under 28 U.S.C. § 144, a party seeking disqualification must state the facts and reasons for the belief that bias or prejudice exists. Moreover, in order to state a case for recusal, a party must allege bias or prejudice stemming from an extrajudicial source. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991). "[A] judge's prior adverse ruling is not sufficient cause for recusal." United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).
 
 
 21
 In his motion to disqualify Judge Wilson, Karim-Panahi refers to adverse rulings made by Judge Wilson and other adverse actions taken by Judge Wilson in his judicial capacity while he presided over the present action. Karim-Panahi alleges no facts demonstrating an extrajudicial source of bias or prejudice. See Pau, 928 F.2d at 885. Thus, because Judge Wilson's prior adverse rulings and actions alone cannot support the motion to disqualify, there was no abuse of discretion in denial of the motion. See Studley, 783 F.2d at 939.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Karim-Panahi's request for an award of costs and fees he has incurred in pursuing this action is denied