5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Michael BARNES, Defendant-Appellant.
 No. 91-30357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 3, 1993.
 
 Appeal from the United States District Court for the District of Idaho, No. CR-91-022-EJL; Edward J. Lodge, District Judge, Presiding.
 D.Idaho
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Michael Barnes appeals his convictions, following a jury trial, for four counts of attempting to evade income taxes and two counts of willfully failing to file a tax return in violation of 26 U.S.C. Secs. 7201, 7203. Pursuant to Anders v. California, 386 U.S. 738 (1967), Barnes' counsel filed a motion to withdraw as counsel of record and a brief which identified no meritorious issues for review. In Barnes' pro se supplemental brief, we discern two possible issues for review: (1) whether the district court had personal and subject matter jurisdiction; and (2) whether the grand jury proceeding was an abuse of power. We have jurisdiction under 28 U.S.C. Sec. 1291. We grant counsel's motion to withdraw and affirm the district court's judgment.[1]
 
 A. Jurisdiction
 
 3
 We review de novo a district court's assumption of jurisdiction. United States v. Hanson, No. 92-30093, slip op. 8811, 8815 (9th Cir. Aug. 13, 1993).
 
 
 4
 Barnes contends the district court lacked jurisdiction over him because he is not subject to the tax laws. He argues that he was "born a free white man, (a Sovereign) in the Sovereign State of California, one of the United States of America; now a inhabitant of the Sovereign State of Idaho." We have previously considered and rejected similar arguments as frivolous. See id.; see also United States v. Studley, 783 F.2d 934, 937 & n. 3 (9th Cir.1986).
 
 
 5
 Barnes also contends the district court lacked subject matter jurisdiction because Congress has not included criminal offenses in the district court's jurisdiction. This argument is meritless. We have previously recognized that "[f]ederal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. Sec. 3231." See United States v. Sitton, 968 F.2d 947, 953 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993). These offenses include crimes set forth in Title 26 of United States Code. See Hanson, slip op. at 8815. Thus, Barnes is subject to the tax code provisions and the district court properly exercised jurisdiction. See id.
 
 B. Grand Jury Proceedings
 
 6
 Barnes contends the grand jury indictment was an abuse of power because: (1) a criminal complaint was not filed bearing the name "United States;" (2) a live human being, with a vested interest in the cause of action, must file an affidavit of probable cause in support of the criminal complaint; (3) no documentary evidence was presented as required under 28 U.S.C. Sec. 1746; (4) the prosecutor did not inform the grand jury that the proceeding resulted from a criminal complaint; and (5) the prosecutor used the grand jury's lack of knowledge in tax matters and administrative procedures to indict Barnes. These arguments are frivolous. We therefore reject Barnes' contention.
 
 
 7
 Accordingly, counsel's motion to withdraw as counsel of record is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review