[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12528
Non-Argument Calendar

_____

D. C. Docket No. 05-02176-CV-TWT-1
BKCY No. 05-93104-BKC-MHM

IN RE:        SAMUEL ADAM BUSH,

                                    Debtor.

_____

SAMUEL ADAM BUSH,

                                    Plaintiff-Appellant,

versus

WASHINGTON MUTUAL BANK, F.A.,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 31, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Samuel Adam Bush, proceeding pro se, appeals the district court's order affirming the bankruptcy court's grant of relief from the automatic stay and grant of in rem relief to Washington Mutual Bank ("Washington Mutual"). On appeal, Bush argues that the district court judge erred in failing to recuse himself because the judge was a party in one of Bush's pending civil actions. He challenges the bankruptcy court's order on the ground that, because the August 3, 2004 foreclosure sale of his property by Washington Mutual took place after he filed a Chapter 13 petition, the sale was a nullity due to the automatic stay and the bankruptcy court did not have the legal authority to validate the sale. For the reasons set forth more fully below, we affirm.

On May 5, 2005, Bush filed the voluntary Chapter 13 bankruptcy petition giving rise to this case. Bush had previously filed a voluntary Chapter 13 petition on August 3, 2004. That same day, approximately three hours after Bush filed this petition, Washington Mutual, the holder of a mortgage deed for the above-referenced real property, conducted a foreclosure sale of, and purchased, this property. On September 17, 2004, Washington Mutual moved to annul the automatic stay to permit the foreclosure sale to stand. The bankruptcy court granted the motion. It also dismissed Bush's Chapter 13 case. Bush appealed the

2

order annulling the automatic stay to the district court, which affirmed the order on March 2, 2005. Bush did not appeal the district court's order.

After Bush filed the instant Chapter 13 petition, Washington Mutual moved, inter alia, for relief from the automatic stay and in rem relief, alleging that Bush was a tenant at sufferance on foreclosed property and seeking leave to continue to pursue dispossessory proceedings against him. The bankruptcy court granted Washington Mutual's motion, finding cause to lift the automatic stay. It further found in rem relief, which would prevent an automatic stay from arising with regard to the property should Bush or someone claiming an interest in the property through Bush file a subsequent bankruptcy petition, necessary to afford effective relief to Washington Mutual.

Bush appealed to the district court and his case was reassigned to Judge Thomas W. Thrash, Jr. because it was related to two cases, Bush v. Washington Mutual and Washington Mutual v. Bush, assigned to Judge Thrash. Bush filed a motion to recuse Judge Thrash on the ground that the judge was named as a party to one of his pending civil actions. The district court judge, noting that he had been named as a third-party defendant by Bush, who claimed that the judge acted corruptly in another proceeding in which the court dismissed a claim against a bankruptcy judge due to judicial immunity, denied Bush's motion to recuse. The

3

court found that Bush sought recusal on the ground that, because he sued a judge, that judge must be biased against him. Reasoning that granting the motion in these circumstances would give Bush an effective means to manipulate and needlessly delay the judicial process, the district court found Bush's motion to recuse without merit. The district court affirmed the bankruptcy court's order granting relief from the automatic stay and in rem relief.

We review a district court judge's refusal to recuse himself for abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). We independently examine the bankruptcy court's factual and legal determinations. In re Int'l Admin. Servs., Inc., 408 F.3d 689, 698 (11th Cir. 2005). "We review de novo determinations of law, whether reached by the district court or the bankruptcy court." In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1308 (11th Cir. 2006). We review the bankruptcy court's factual findings for clear error. Id.

Recusal in this case is premised on Bush's civil claim against Judge Thrash, which was filed as a result of Judge Thrash's adverse ruling in a prior case. Recusal is required in certain circumstances, including when the judge "has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b). In addition, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

4

questioned." Id. § 455(a). The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality . . . ." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation and quotation marks omitted). A judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). "A judge is not disqualified merely because a litigant sues or threatens to sue him." United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977); accord Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986). Thus, the district court judge did not abuse his discretion in denying Bush's motion for recusal.

On appeal, Bush's challenge to the bankruptcy court's order is premised on the argument that Washington Mutual's foreclosure sale of his property was invalid due to the automatic stay. We cannot, however, grant Bush relief on this ground. Bush did not appeal the district court's March 2, 2005 order affirming the annulment of the automatic stay to this Court, and this order is not properly before us in the instant appeal. See Fed.R.App.P 4(a)(1)(A),6(b)(1); Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). Moreover, Bush did not challenge

5

Washington Mutual's motion for relief from the automatic stay and for in rem relief on this ground before the bankruptcy court. He therefore has waived the issue and we will not consider it. See In re Worldwide Web Sys. Inc., 328 F.3d 1291, 1300-01 (11th Cir. 2003). Bush did allege that he filed an answer and counterclaim in the state court dispossessory proceedings brought by Washington Mutual, after he had determined that he was being illegally disenfranchised of his legal rights. The bankruptcy court, rejecting Bush's argument that he should obtain the protections of the Bankruptcy Code while he continued to attempt to establish the invalidity of the foreclosure, found that its prior determination regarding the issue of the validity of the foreclosure sale was final. We agree and conclude that collateral estoppel, which "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided[,]" Quinn v. Monroe County, 330 F.3d 1320, 1328 (11th Cir. 2003), forecloses any attempt by Bush in this appeal to relitigate the issue of whether the foreclosure sale was invalid due to the operation of the automatic stay.[1]

[1] The doctrine of collateral estoppel applies under federal law if the following four factors are met:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

In light of the foregoing, we hold that the denial of Bush's motion to recuse was not an abuse of discretion. As the invalidity of the foreclosure sale due to the operation of the automatic stay is the only ground upon which Bush challenges the bankruptcy court's order on appeal, we

**AFFIRM.**

---

CSX Transp., Inc. v. Bhd. of Maint. of Way Employees, 327 F.3d 1309, 1317 (11th Cir. 2003) (citation and quotation marks omitted).