**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ruth STUDLEY, Defendant-Appellant.**

No. 84–1288.

United States Court of Appeals,
Ninth Circuit.

Submitted * Nov. 14, 1985.

Decided Feb. 26, 1986.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 3(f).

Thomas E. Flynn, Sacramento, Cal., for plaintiff-appellee.

Ruth Studley, in pro per.

Before BARNES, FARRIS and CANBY, Circuit Judges.

CANBY, Circuit Judge.

Studley, a real estate broker, was convicted after a jury trial of three counts of willful failure to file tax returns for the years 1978, 1979, and 1980.[1] 26 U.S.C. § 7203. Studley filed a timely notice of appeal and raises a host of issues before us. We affirm.

## I. ARREST WARRANT

Studley first contends that her arrest and prosecution were illegal because nei-

---

1. At trial, the government presented evidence that Studley had had gross income totaling about $144,000 for the three years.

ther the arrest warrant nor the information was supported by a sworn oath or affirmation. As a result, she believes her conviction should be reversed.[2]

Fed.R.Crim.P. 9(a) requires a showing of probable cause under oath before a warrant may be issued on an information. The government candidly concedes that the probable cause statement was omitted from the warrant application but states that it was filed immediately after the omission was brought to the government's attention by appellant.

 Despite the government's improper handling of the warrant application, however, the conviction must stand. The Supreme Court has repeatedly held that an illegal arrest or detention does not void a subsequent conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865–66, 43 L.Ed.2d 54 (1975); *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511–12, 96 L.Ed. 541 (1952). Studley in no way argues that her conviction was based on evidence derived from any illegal police activities. Moreover, a prior judicial determination of probable cause is not a prerequisite to prosecution by information. *Gerstein*, 420 U.S. at 119, 95 S.Ct. at 865–66. Thus, any illegality in Studley's arrest does not require reversal of her conviction.

## II. JURISDICTION

 Studley argues that, because her arrest was illegal, the district court lacked both personal and subject matter jurisdiction. We disagree. First, the court unquestionably had subject matter jurisdiction. Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." These offenses include crimes defined in Title 26 of United States Code. *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir.1984) (per curiam), *cert. denied*, —— U.S. ——, 105 S.Ct. 2320, 85 L.Ed.2d 839 (1985). Moreover, the defect in Studley's arrest did not deprive the district court of personal jurisdiction over her. *See United States v. Warren*, 610 F.2d 680, 684 n. 8 (9th Cir.1980) (court has jurisdiction over any party who appears before it, regardless of how appearance is effected).

Next, Studley claims she was prejudiced in this case because she never received a definitive statement of the basis for the district court's jurisdiction. Our review of the record shows that the district court explained the basis of its jurisdiction several times, the last on May 21, 1984. Studley's assertion that she was prejudiced by changes in the court's explanations is meritless; all of her attacks on the court's jurisdiction were frivolous. She was not prejudiced.

## III. TAXPAYER STATUS

 Studley contends that she is not a "taxpayer" because she is an absolute, freeborn and natural individual. This argument is frivolous. An individual is a "person" under the Internal Revenue Code and thus subject to 26 U.S.C. § 7203. *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981).[3]

## IV. DENIAL OF JURY LISTS

 Studley also contends that reversal is required because she was denied access

---

**2.** She also contends that her detention was illegal because she was incarcerated overnight before she was brought before a magistrate; she feels this was an unreasonable delay under Fed.R.Crim.P. 5(a). We need not reach this issue. Studley does not contend that evidence was seized incident to the arrest, that she was subjected to improper interrogation before arraignment or that she was otherwise prejudiced by the delay. Since the normal remedy for violation of Rule 5(a) is suppression of evidence obtained during the unreasonable delay, we need not decide whether Studley was in fact subjected to any delay that would constitute a Rule 5(a) violation. *Cf. Morse v. United States*, 256 F.2d 280 (5th Cir.1958) (per curiam) (delay in taking an accused before a magistrate, though illegal, does not invalidate a conviction absent prejudice resulting from the detention).

**3.** We note that this argument has been consistently and thoroughly rejected by every branch of the government for decades. Indeed advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them.

to jury lists. Under 28 U.S.C. § 1867(f), parties "shall be allowed to inspect" records of the jury selection process in order to prepare motions challenging jury selection. The right to inspect jury lists is essentially unqualified. *Test v. United States*, 420 U.S. 28, 30, 95 S.Ct. 749, 750–51, 42 L.Ed.2d 786 (1975) (per curiam); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir.1980).

■ Where a motion to inspect is erroneously denied, however, reversal is not required. Instead, the case should normally be remanded to permit inspection. *Test*, 420 U.S. at 30, 95 S.Ct. at 750–51; *United States v. Beaty*, 465 F.2d 1376, 1382 (9th Cir.1972). If inspection reveals grounds upon which to challenge the jury selection, a defendant may file a motion, such as for a new trial, under § 1867(a). *Beaty*, 465 F.2d at 1382. Such motions must be made "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor...." 28 U.S.C. § 1867(a). The court shall then grant the § 1867(a) motion if it determines that the jury selection procedure was prejudicial. *Beaty*, 465 F.2d at 1382.

Before trial, Studley requested a list of all grand and petit jurors.[4] The district court denied the request. After trial, Studley renewed the request, citing *Test*. The court granted inspection on November 11, 1984, but Studley has not subsequently moved for dismissal of the indictment or a new trial based on her inspection.

■ The government concedes that Studley's first request should have been granted. Nonetheless, we decline either to reverse or remand because Studley has received the benefit of the remedy under *Test* and *Beaty*. Studley has already had an opportunity to inspect the jury lists, but she failed to file the required § 1867(a) motion within seven days. Thus, Studley's attempt to challenge jury selection is now untimely.

## V. CONTINUANCE

Studley argues that the district court committed reversible error when it denied her continuance motion made on the opening day of trial. She claims she needed the extra time to secure legal assistance; therefore the denial infringed her sixth amendment right to counsel.

■ Generally, a decision to grant or deny a continuance is reviewed for an abuse of discretion. *United States v. Flynt*, 756 F.2d 1352, 1358, *modified on other grounds*, 764 F.2d 675 (9th Cir.1985). When the defendant's sixth amendment right to counsel is implicated, however, a court must balance several factors to determine if the denial was "fair and reasonable." *United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir.1979) (per curiam). Among the factors are: whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant. *Id.* Thus, a continuance may be denied "even when that denial results in the defendant's being unrepresented at trial." *Id.*

■ Applying these factors to this case, we find no abuse of discretion. At her initial appearance, Studley asked to be represented by a person who was not a licensed attorney. At that time, the district court told her that she could elect to represent herself but that anyone else representing her in court must be licensed. The court later asked the Federal Public Defender to consult with her regarding appointment of counsel. The public defender determined that Studley did not qualify for appointed counsel. Thereafter, based on Studley's representation that she would choose either to represent herself or to

---

**4.** Since Studley was prosecuted by information, the reasons for her request regarding grand jurors is not immediately apparent.

retain counsel, the court continued the matter for a week.

The following week Studley again asked to be represented by unlicensed counsel, and the court again denied the request, though it permitted her to have an unlicensed assistant sit with her at trial.

Studley then filed 31 motions and asked for another continuance, which the court granted. Trial was set for six weeks later. During this period, Studley apparently made no attempt to secure counsel on her own or to inform the court that she had changed her mind concerning self-representation at trial.

On the morning of trial, more than three months after her arrest, Studley again requested a continuance on the grounds that she did not know the nature of the court's jurisdiction, that she needed counsel, and that complex issues remained unresolved. The district court denied the request, finding that the request had not been made in good faith, that the trial had already been continued several times, that the basis of the court's jurisdiction was clear and had been explained repeatedly, that the facts of the case were not complex, and that Studley would not have obtained counsel even had the continuance been granted. As in *Leavitt*, 608 F.2d at 1294, Studley knew of the need to get a licensed attorney for several months and had been granted previous continuances. Still, she failed to obtain counsel. Under these circumstances, the district court did not err in denying another continuance. It had already displayed admirable patience.

## VI. RECUSAL

Following her conviction, Studley filed a motion for recusal alleging personal bias and prejudice against her. In her affidavit supporting the motion, she alleged that Judge Schwartz (1) knew that Internal Revenue Service (IRS) agents had perjured themselves, but did nothing; (2) had constantly deprived her of her "rights;" and (3) hated her without any cause. The district court denied the motion, and Studley objects. Denial of a motion for recusal is reviewed for an abuse of discretion. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984).

We first note that a motion for recusal filed weeks after the conclusion of a trial is presumptively untimely absent a showing of good cause for its tardiness. *See* 28 U.S.C. § 144; *cf. United States v. Hurd*, 549 F.2d 118, 119 (9th Cir.1977) (per curiam) (motion filed on fifth day of trial "much too late"). Even assuming timeliness, however, we find no merit in Studley's arguments on recusal.

The standard for recusal under 28 U.S.C. §§ 144, 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes*, 729 F.2d at 607 (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983)); *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 700–01 (9th Cir.1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Mayes*, 729 F.2d at 607.

Studley's first two allegations are not extrajudicial because they involve the judge's performance while presiding over her case. *See Ronwin*, 686 F.2d at 701. Thus, these grounds do not provide a basis for recusal. The third allegation is too vague to meet the sufficiency requirement of Section 144. *See* 28 U.S.C. § 144 (party must file timely affidavit setting forth facts and reasons for the belief that bias or prejudice exists). Moreover, the allegation would not lead a reasonable person to conclude that Judge Schwartz's impartiality might reasonably be questioned.

Following her trial, Studley filed a lawsuit against Judge Schwartz and engaged in leafletting activities directed against him. She argues here that these actions caused him to be "poisoned" against her and were grounds for recusal.

A judge is not disqualified by a litigant's suit or threatened suit against him, *Ronwin*, 686 F.2d at 701, or by a litigant's intemperate and scurrilous attacks, *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977), *cert. denied*, 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978); *In re Martin-Trigona*, 573 F.Supp. 1237, 1243 (D.Conn.1983), *appeal dismissed*, 770 F.2d 157 (2d Cir.1985). Thus, the district court did not abuse its discretion by denying the motion for recusal.[5]

■ Finally, we reject Studley's argument that the Chief Judge or a committee of disinterested judges from the District was required to rule on this recusal motion. We have held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance. *E.g., United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir.1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). Here, the motion was properly found legally insufficient.

## VII. CRIMINAL SANCTIONS

Studley argues she has been illegally subjected to criminal prosecution for violation of 26 U.S.C. § 7203, which she contends is a civil statute. She contends that Congress has no authority to establish criminal sanctions for failure to file income tax returns; and even if Congress had the authority, Studley argues, it has not been exercised. Finally, she argues that the entire Internal Revenue Code was only temporarily enacted and is now invalid.

■ These arguments are frivolous.[6] Section 7203 provides, *inter alia*, that anyone who willfully fails to file a return "shall ... be guilty of a misdemeanor...." Thus, Section 7203 is a criminal statute, and Congress has exercised its power to enact such a statute. *See United States v.*

*Acker*, 415 F.2d 328, 329 (6th Cir.1969), *cert. denied*, 396 U.S. 1003, 90 S.Ct. 553, 24 L.Ed.2d 495 (1970). The contention that Section 7203 is unconstitutional has been repeatedly rejected. *E.g., Wheeler v. United States*, 744 F.2d 292, 293 (2d Cir.1984) (per curiam) (citing cases). We have also held that the Internal Revenue Code was validly enacted by the Congress and is fully enforceable. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir.1985).

## VIII. EVIDENCE OBTAINED BY CIVIL PROCESS

Studley contends that her fifth amendment rights were violated by the government's use of evidence obtained by civil process. In 1982, the government petitioned for enforcement of an IRS summons directed at Studley's accountants. Studley states that the IRS sent her a *Miranda* letter at the time, and that IRS special agent Anderson admitted at her criminal trial that his investigation had always been criminal, rather than civil. Anderson also testified that no recommendation for criminal prosecution had been made at the time of the investigation.

■ Generally, the district court's decision to admit evidence is reviewed for an abuse of discretion. *United States v. Ordonez*, 737 F.2d 793, 811 (9th Cir.1984). The court's findings of fact at a suppression hearing are reviewed for clear error. *United States v. Snowadzki*, 723 F.2d 1427, 1429 (9th Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 140, 83 L.Ed.2d 80 (1984).

Studley's contention that the IRS acted illegally is without merit. The facts of this case are nearly identical to those in *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). In *Couch*, the IRS sought enforcement of a civil summons directing Couch's accountant to pro-

---

5. We note that Judge Schwartz delayed sentencing two weeks to ensure that Studley's sentence would not be affected by any anger her actions may have engendered. Studley's sentence reflects the probation officer's recommendation and is less severe than the sentence requested by the government.

6. These claims have been considered many times before and have been rejected consistently. Thus, they would be grounds for sanctions if raised in a civil suit. *See supra* note 3.

duce all documents pertinent to Couch's tax liability. *Id.* at 323, 93 S.Ct. at 613. *See also In re Grand Jury Proceedings (Manges)*, 745 F.2d 1250, 1252 (9th Cir. 1984). The Court stated that "a special agent is authorized ... to issue an Internal Revenue summons in aid of a tax investigation with civil *and possible criminal consequences....* 'Congress clearly has authorized the use of the summons in investigating what may prove to be criminal conduct.'" *Id.* 409 U.S. at 326, 93 S.Ct. at 615 (quoting *Donaldson v. United States,* 400 U.S. 517, 535, 91 S.Ct. 534, 544, 27 L.Ed.2d 580 (1971)) (emphasis added) (footnote omitted). The Court noted that under *Donaldson* the summons must be issued in good faith and prior to recommendation of criminal prosecution. *Couch,* 409 U.S. at 326 n. 8, 93 S.Ct. at 615 n. 8.

Here, there is no allegation that the IRS acted in bad faith. Under *Couch,* it is irrelevant that Anderson sought the records for criminal investigation so long as a recommendation of prosecution had not been made.

Even if the evidence should have been suppressed, its admission was harmless beyond a reasonable doubt because the evidence was merely cumulative. *See United States v. Lomas,* 706 F.2d 886, 894 (9th Cir.1983), *cert. denied,* 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984). The evidence consisted of a record of payments made to Studley on a loan. The record was used to show Studley's income in 1978 and 1979. Ample other evidence was admitted to show that Studley's gross income was greater than the statutory minimum that triggers the requirement to file a return.

## CONCLUSION

The conviction is AFFIRMED.