60 F.3d 834
 76 A.F.T.R.2d 95-5616, 95-2 USTC P 50,437
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond O'ROURKE; Mary O'Rourke, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70633.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond and Mary O'Rourke (the "O'Rourkes") appeal pro se the tax court's denial of their motions for a continuance and appointment of counsel in their petition for a redetermination of tax deficiencies for the tax years 1980 through 1986. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We review for clear abuse of discretion, see United States v. Torres-Rodriguez, 930 F.2d 1375, 1383 (9th Cir. 1991), and we affirm.
 
 
 3
 The O'Rourkes contend that the tax court erred by denying their motion for a continuance because they were unprepared to represent themselves when their attorney withdrew from the case. This contention lacks merit.
 
 
 4
 The O'Rourkes had ample opportunity to prepare their own case or hire another attorney because nearly seven months elapsed between the time the O'Rourkes' attorney withdrew and the time the trial began.[1] Moreover, the O'Rourkes engaged in dilatory tactics during the course of this case. United States v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir. 1986) (movant's diligence in readying case for trial is a factor to consider). Thus, the tax court did not abuse its discretion by denying the O'Rourkes' motion for a continuance. See Torres-Rodriguez, 930 F.2d at 1383; United States v. Studley, 783 F.2d 934, 938-39 (9th Cir. 1986) (continuance may be properly denied even where the denial leaves the moving party unrepresented at trial).
 
 
 5
 We also reject the O'Rourkes' claim that the tax court erred by failing to appoint counsel for them. There is no constitutional right to appointment of counsel in a civil case, United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986), and the O'Rourkes cite no relevant authority, nor are we aware of any, under which the tax court could appoint counsel for them.
 
 
 6
 Nevertheless, the O'Rourkes argue that the tax court erred by not appointing counsel for Mrs. O'Rourke pursuant to Tax Ct. R. 60(d). We disagree.
 
 
 7
 Rule 60(d) does not provide for the assistance of counsel or authorize the tax court to appoint an attorney for the O'Rourkes. Rather, Rule 60(d) allows a general guardian, committee, conservator, or other like fiduciary to bring or defend a case in the tax court on behalf of an infant or incompetent person. See Tax Ct. R. 60(d).
 
 
 8
 Here, although the O'Rourkes claimed that a court in California adjudicated Mrs. O'Rourke incompetent, they failed to produce a judgment substantiating this assertion. In any event, we agree with the tax court that even if Mrs. O'Rourke were incompetent, Mr. O'Rourke could represent her as a "next friend" under Rule 60(d). See Tax. Ct. R. 60(d). Therefore, we conclude that the tax court did not err by failing to appoint counsel for Mrs. O'Rourke.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the O'Rourkes' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the O'Rourkes' attorney withdrew on April 22, 1992, and the trial was set originally for May 4, 1992, the trial did not begin until November 17, 1992 because the tax court afforded the O'Rourkes an opportunity to settle their case with the Commissioner