110 F.3d 61
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Drayton CURRY, a/k/a Mr. C., Defendant-Appellant.
 No. 96-6960.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1997.
Decided March 14, 1997.
 
 Richard B. Mazer, LAW OFFICES OF RICHARD B. MAZER, San Francisco, California, for Appellant. Helen F. Fahey, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Drayton Curry appeals the district court's denial of his motion for a new trial under the Jury Selection Act ("the Act"), 28 U.S.C. §§ 1861-1878 (1994), wherein he alleged that African-Americans were not adequately represented in the jury pool from which his jury was selected. Curry was convicted of various drug trafficking offenses and was sentenced to serve life in prison. However, prior to trial, the district court denied Curry's motion to review the master jury list. On appeal, we affirmed Curry's conviction and sentence. See United States v. Curry, 993 F.2d 43 (4th Cir.1993). We reversed the denial of Curry's motion to review the grand jury list. We held that Curry was entitled to review the jury list. If on remand Curry filed a timely motion for a new trial demonstrating a violation of the Act that prejudiced him, the district court was instructed to grant his motion. Curry, 993 F.2d at 44-45.
 
 
 2
 A motion for relief challenging the jury selection process must be made "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor...." 28 U.S.C. § 1867(a). Following remand, Curry did not request the jury list from the Clerk of the Court until one year after the mandate from this court had been issued. And he did not move for a new trial for another two years.
 
 
 3
 Based on Curry's lack of diligence in both seeking review of the jury list and in filing his motion for a new trial, we find that Curry's § 1867(a) motion for a new trial was not timely filed. See United States v. Studley, 783 F.2d 934, 938 (9th Cir.1986) (challenge to jury selection untimely when § 1867(a) motion not filed within seven days). Accordingly, we affirm the district court's order denying Curry's motion as time-barred.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED