**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-6960

DRAYTON CURRY, a/k/a Mr. C.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-91-272-A)

Submitted: February 27, 1997

Decided: March 14, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard B. Mazer, LAW OFFICES OF RICHARD B. MAZER, San
Francisco, California, for Appellant. Helen F. Fahey, United States
Attorney, Vincent L. Gambale, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Drayton Curry appeals the district court's denial of his motion for a new trial under the Jury Selection Act ("the Act"), 28 U.S.C. §§ 1861-1878 (1994), wherein he alleged that African-Americans were not adequately represented in the jury pool from which his jury was selected. Curry was convicted of various drug trafficking offenses and was sentenced to serve life in prison. However, prior to trial, the district court denied Curry's motion to review the master jury list. On appeal, we affirmed Curry's conviction and sentence. See United States v. Curry, 993 F.2d 43 (4th Cir. 1993). We reversed the denial of Curry's motion to review the grand jury list. We held that Curry was entitled to review the jury list. If on remand Curry filed a timely motion for a new trial demonstrating a violation of the Act that prejudiced him, the district court was instructed to grant his motion. Curry, 993 F.2d at 44-45.

A motion for relief challenging the jury selection process must be made "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor . . . ." 28 U.S.C. § 1867(a). Following remand, Curry did not request the jury list from the Clerk of the Court until one year after the mandate from this court had been issued. And he did not move for a new trial for another two years.

Based on Curry's lack of diligence in both seeking review of the jury list and in filing his motion for a new trial, we find that Curry's § 1867(a) motion for a new trial was not timely filed. See United States v. Studley, 783 F.2d 934, 938 (9th Cir. 1986) (challenge to jury selection untimely when § 1867(a) motion not filed within seven days). Accordingly, we affirm the district court's order denying Curry's motion as time-barred.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED