**Robert HENDERSON, Plaintiff—
Appellant,**

v.

**VISA USA, INC., a corporation; et
al., Defendants—Appellees.**

No. 01–16131.

D.C. No. CV–98–21150–JW.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**356**

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM**

Robert Henderson appeals pro se the district court's judgment dismissing his action alleging violations of the Truth in Lending Act and state law claims against several defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err by dismissing Henderson's claims against Visa USA, Inc., and Best Western International, Inc., under Fed.R.Civ.P. 12(b)(6) because there was no factual or legal basis for the claims. *See Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir.2001) (complaint's allegations of material fact are "construed in the light most favorable" to the plaintiff, but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss").

The district court also properly dismissed the claims against Chase Manhattan Bank, USA, N.A., Park Crest Motel, Don Kim, and Hyun Oh because Henderson's amended complaint, filed on April 26, 1999, contained no allegations against these defendants. *See* N.D. Cal. Civ. Local R. 10–1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."); *see also Jacobsen v. Filler,* 790 F.2d 1362, 1364

(9th Cir.1986) (pro se litigants in the ordinary civil case are not excused from compliance with procedural rules). The district court did not abuse its discretion by denying Henderson's motion under Fed. R.Civ.P. 60(b) for relief from the orders dismissing these defendants because the motion merely reiterated arguments that the district court previously had considered and properly rejected. *See Maraziti v. Thorpe,* 52 F.3d 252, 255 (9th Cir.1995).

Moreover, the district court properly denied Henderson's motion for disqualification pursuant to 28 U.S.C. § 144 because the affidavit in support of the motion relied exclusively on Judge Ware's rulings in this case. *See United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (to provide grounds for disqualification, alleged prejudice must result from an extrajudicial source; a judge's prior adverse rulings are not sufficient cause for disqualification).

We also have reviewed Henderson's contentions that the attorneys for the defendants obstructed justice and should be suspended from practice in the district court. We find no merit to these contentions. Henderson's request for "relief from cross-complaint of Best Western" also is baseless because Best Western did not obtain any relief pursuant to its cross-complaint.

Finally, the district court did not abuse its discretion by denying Henderson's request for appointment of counsel because he did not show exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.