**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Hobart ZENTMYER, Defendant–Appellant.**

**No. 05–50086.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Jill Feeney, Alka Sagar, Esq., Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

John Hobart Zentmyer, Taft, CA, pro se.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

John Hobart Zentmyer appeals pro se from his jury-trial conviction for making a false statement to a financial institution, income tax invasion, and structuring financial transactions, all in violation of 18 U.S.C. § 1014; 26 U.S.C. § 7201; and 31 U.S.C. §§ 5324(a)(3)and (d)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Zentmyer contends that the judgment against him is invalid because the underlying indictment failed to establish jurisdiction. A review of the record establishes that the indictment properly alleged violations of federal law over which the district court had jurisdiction to adjudicate. *See* 18 U.S.C. § 3231; *United States v. Studley*, 783 F.2d 934, 937 (9th Cir.1986). We reject Zentmyer's contention that because his motion was not "sufficiently answered" by the government with "proof at the constitutional level," the district court erred by denying his "parol challenge" to jurisdiction.

Zentmyer further contends that the indictment was insufficient regarding the tax evasion and structuring charges. We conclude that the indictment sufficiently plead the elements of each offense. *See United States v. Lindberg*, 220 F.3d 1120, 1122 (9th Cir.2000); *United States v. Boone*, 951 F.2d 1526, 1542 (9th Cir.1991).

Finally, Zentmyer contends that he was prejudiced because the counts in the indictment were improperly joined. We conclude that the counts were properly joined because they involved overlapping evidence and were related to a common scheme. *See* Fed.R.Crim.P. 8(a); *United*

*States v. Portac*, 869 F.2d 1288, 1294 (9th Cir.1989).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.