**John GABOR; et al., Plaintiffs–Appellants,**

v.

**SELIGMANN, in his official and individual capacity; et al., Defendants–Appellees.**

**No. 05–17295.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

John Gabor, Campbell, CA, pro se.

Kay Gabor, Campbell, CA, pro se.

Mark Scott Collins, Collins & Schlothauer, Joann M. Swanson, Esq., Claire T. Cormier, Kevin V. Ryan, Office of the U.S., San Jose, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

John and Kay Gabor appeal pro se from the district court's order dismissing their action alleging various state and federal claims in connection with their arrest and prosecution for violating city ordinances regulating the breeding of animals and related activities without permits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1388 (9th Cir.1987). We review the denial of a recusal motion for an abuse of discretion. *U.S. v. Studley,* 783 F.2d 934, 939 (9th Cir.1986).

The Gabors contend that the judge abused his discretion by failing to recuse himself after the Gabors named him as a defendant in their amended complaint. We disagree. *See Ronwin v. State Bar of Arizona,* 686 F.2d 692, 701 (9th Cir.1981), *rev'd on other grounds sub nom. Hoover v. Ronwin,* 466 U.S. 558, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984) ("[A] judge is not disqualified merely because a litigant sues or threatens to sue him.... Such an easy method for obtaining disqualification should not be encouraged or allowed.") (internal quotation marks and citations omitted); *see also U.S. v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (the alleged prejudice warranting recusal "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.") (citation omitted).

The Gabors also contend that the district court allowed the defendants in the underlying action to "ghost-write" the dis-

trict court's opinions. This contention is not supported by the record.

Contrary to the Gabors' contentions, defendants were entitled to file a motion to dismiss in lieu of an answer. *See* Fed.R.Civ.P. 12(b).

Because the district court properly dismissed the Gabors' action for failure to state a claim, the Gabors had no right to a jury trial.

Finally, the Gabors waived any arguments challenging the district court's dismissal of their claims by failing to raise them in their appellate brief. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988).

Appellees' request for fees and costs is denied without prejudice to filing a proper motion pursuant to Fed. R.App. P. 38.

**AFFIRMED.**