**In re James W. KEENAN, Debtor.**

**James W. Keenan and Judy M. Keenan, Plaintiffs,**

**v.**

**Ross M. Pyle; Procopio, Cory, Hargreaves & Savitch, a business entity form unknown, Jeffrey Isaacs, an individual, and Does 1–50, inclusive, Defendants.**

**Bankruptcy No. 96–00871–B11.
Adversary No. 06–90341–B11.**

United States Bankruptcy Court, S.D. California.

June 1, 2007.

Raymond R. Lee, Samy S. Henein, Suppa, Trucchi & Henein, LLP, San Diego, CA, for Debtor/Plaintiffs.

Douglas M. Butz, Butz Dunn & DeSantis, Edward L. Silverman, Procopio, Cory, Hargreaves & Savitch, San Diego, CA, for Defendants.

## AMENDED OPINION

JAMES W. MEYERS, Bankruptcy Judge.

### I

■ On October 13, 2006, the Plaintiffs filed a motion to recuse or disqualify Judge Peter Bowie under 28 U.S.C. § 144 and 28 U.S.C. § 455(a) and (b)(1). Motions for recusal or disqualification are normally left to the sound discretion of the judge who is the subject of the motion, as the person in the best position to appreciate the implications of the matters alleged, so Judge Bowie heard the motion on November 13, 2006. Judge Bowie indicated on the record that he would not stay in the case unless he thought he could be fair to both sides. However, out of an abundance of caution, Judge Bowie sought a second opinion on the matter through an order he issued after the November 13 hearing. The motion was transferred to the undersigned for consideration and the matter was heard on December 14, 2006, and taken under submission. For the following reasons, the motion to disqualify Judge Peter Bowie is denied.

### II

### BACKGROUND

The Debtor, James Keenan, and his non-debtor wife, Judy Keenan, ("Plaintiffs" or "Keenans") filed this complaint against the liquidating Trustee Ross Pyle and his lawyer Jeff Isaacs, as well as the law firm of Procopio, Cory, Hargreaves & Savitch ("Defendants"). The complaint asserts claims for violations of racketeering statutes and the Plaintiffs' civil rights, for breach of fiduciary duty, breach of contract and negligence, and seeks an award of monetary damages as well as for declaratory and injunctive relief.

To support these claims, the Plaintiffs allege that the Defendants conspired with one another to deprive the Keenans of their assets through Mr. Pyle's actions in unlawfully seizing and liquidating the assets of the Keenans and their partnerships.

This case began almost eleven years ago. In late 1995, the state court entered

a judgment against James Keenan for over $18 million. In lieu of posting a bond, James Keenan filed a voluntary Chapter 11 petition in January 1996, to prevent the judgment creditor from executing the judgment against his assets while the matter was on appeal.

In August 1996, Ross Pyle was appointed Chapter 11 Trustee by the U.S. Trustee. The Keenans contend the Defendants conspired to sell far more assets than necessary to pay creditors in order to earn additional fees. They allege that they were damaged by various settlements reached in the case, sales of property and the terms of the Plan of Reorganization. They seek a declaration that the orders entered by Judge Bowie were void because the court lacked jurisdiction over the subject matter and separate assets of Judy Keenan and valid partnerships. They also contend that all orders entered by Judge Bowie after his reappointment in March 2002 are void because he failed to take the judicial and constitutional oaths required by 28 U.S.C. § 453 and 5 U.S.C § 3331.

The Keenans also seek a declaration that ALL orders entered in the case are void or should be vacated "because they were obtained by extrinsic and/or intrinsic fraud, they are the product of extra judicial acts, because they were illegally issued due to bias and prejudice against Plaintiffs individually and because of a prejudice against judgment debtors in general in violation of the equal protection clause, because Judge Bowie was without subject matter and personal jurisdiction, because they were done in furtherance of the criminal conspiracy to unlawfully deprive Plaintiffs of their property and because they were done without due process and are otherwise void."

In response to the complaint, the Defendants filed an Anti–SLAPP motion to strike pendent state law claims, and a mo-

tion to dismiss the complaint or for summary judgment. ("Dismissal Motions"). To support the Dismissal Motions, Defendants filed two briefs and a Request for Judicial Notice that attaches 167 documents · containing approximately 1500 pages of pleadings, rulings and transcripts filed in this case and the appeals resulting from this case. ("Defendants' RJN 1"). A review of Defendants' RJN 1 and the supporting exhibits provides an overview of ten years of history of James Keenan's Chapter 11 case. Included are copies of the orders authorizing the Trustee to enter settlements, to sell or abandon assets and enter leases. The forty two orders concerning the interim fees awarded to the Defendants are there. Orders concerning claims, adversary actions, appeals and the confirmed plan of reorganization are provided. Copies of appeals by Plaintiffs, a request for a writ of mandamus and complaints they filed against the Defendants in District Court for fraud, breach of fiduciary duty and negligence are attached. The series of transcripts, orders and appeals concerning the protocol established to allow Plaintiffs' adequate discovery of any facts to support their claims of fraud, breach of fiduciary duty, negligence and judicial cronyism are supplied. These were entered in an attempt to satisfy the Plaintiffs' requests for discovery and provide them with a forum to bring any actions against the Trustee and his professionals, so the case could be closed. While reviewing these documents could be considered a daunting task to one who is unfamiliar with the lengthy history of this case, it appears to be a walk down memory lane filled with repetitious refrains for the Plaintiffs and their attorney, the Defendants or Judge Bowie.

Plaintiffs did not file a timely response to the Dismissal Motions, but instead on September 28, they submitted an ex parte

application for a 90 day continuance and extension of time to respond based on the size of the motions and supporting documents and to provide them a chance to conduct discovery. Defendants objected and the motion to extend time was not granted.

On September 25, the Keenans filed a pro se complaint in District Court against Judge Bowie both individually and in his "alleged" capacity as bankruptcy judge. Other than the omission of a request for monetary damages, the complaint against Judge Bowie is very similar to the one filed in this matter against the Defendants, seeking declaratory and injunctive relief to void all rulings in the Chapter 11 on the grounds that Judge Bowie conspired with Ross Pyle and his professionals to enrich Mr. Pyle. The Keenans also claim violations of their civil rights and RICO statutes due to Judge Bowie's personal bias against them and in favor of Ross Pyle.

Finally, they contend that Judge Bowie continues to cause irreparable harm by issuing Orders in the absence of personal and subject matter jurisdiction, and without having taken the oath of office, which are the product of bias and prejudice and deprive them of their constitutional rights. They want an order enjoining enforcement of all orders and ordering immediate return of the estate.

## III

### DISCUSSION

█ Section 144 is only applicable to District Court judges, so that part of the motion is legally deficient. *In re Smith,* 317 F.3d 918, 932 (9th Cir.2002).

█ Section 455 applies to bankruptcy judges in accordance with Fed.R.Bankr.P. 5004(a). *In re Goodwin,* 194 B.R. 214, 221 (9th Cir. BAP 1996). Section 455 provides:

"(A) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(B) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . ."

█ The standard for disqualification is whether the charge of partiality is sufficiently grounded in facts to create in the mind of the fully informed objective disinterested observer of our community a reasonable or significant doubt concerning the judge's impartiality. *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Opinions formed or judicial remarks made during court proceedings "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Plaintiffs argue:

1. *Clearly,* the Courts' impartiality might reasonably be questioned because this complaint includes claims that Judge Bowie deprived the Keenans of their constitutional rights and colluded with the Defendants to deplete the estate;

2. The complaint filed against Judge Bowie has *undoubtedly* created a sense of antagonism against the Keenans; and

3. Judge Bowie has personal knowledge of the facts sought to be litigated— whether he took the oath of office, is a

properly seated judge and whether he has bias or prejudice against the Keenans which affected his prior rulings.

Bias or prejudice connotes a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess, or because it is excessive in degree. *Liteky, supra,* 510 U.S. at 550, 114 S.Ct. at 1154. If the circumstances do not establish a personal bias or prejudice under Section 455(b), they are not sufficient by themselves to raise a "reasonable question" as to the judge's impartiality for recusal under § 455(a). *United States v. Sibla,* 624 F.2d 864, 865 (9th Cir.1980).

Rumors, innuendo and unsupported allegations are not sufficient for recusal. A judge is presumed qualified to hear a proceeding and the Plaintiffs have the burden of proving otherwise. *First Interstate Bank v. Murphy, Weir & Butler,* 210 F.3d 983, 987 (9th Cir.2000). The motion or affidavit must allege with particularity the facts that would convince a reasonable person that a bias exists of a personal, not judicial nature. Disqualification based on adverse rulings in a case is limited to only rare and extreme circumstances.

Alleged professional or social relationships between a party and the court are not a basis for disqualification. *See, Cheney v. The United States District Court for the District of Columbia,* 541 U.S. 913, 124 S.Ct. 1391, 1394–95, 158 L.Ed.2d 225 (2004).

The filing of a complaint against the judge in another court is also not automatically grounds for recusal. *United States v. Studley,* 783 F.2d 934, 939–40 (9th Cir.1986). To hold otherwise would allow a litigant to simply file an action against the court, and then bring a motion to disqualify as a vehicle for "judge shopping".

The timing of this motion and the filing of the complaint against Judge Bowie support an inference that the Plaintiffs are engaging in forum shopping and trying to find a method to circumvent the orders of the Court and the doctrines of res judicata and collateral estoppel. These are not the first allegations of judicial misconduct in this case. The Defendants' Request for Judicial Notice in opposition to this motion ("RJN II") supplies copies of complaints and memos filed with the District Court as far back as September 1999, which make the same allegations of judicial cronyism and bias in favor of a former presiding judge.

Despite making the same allegations for seven years, the Keenans have supplied NO facts to support their suggestion of some close or improper relationship between Judge Bowie and Ross Pyle, that there was any conspiracy to enrich Mr. Pyle at the expense of the Keenans or that Judge Bowie has some wrongful or inappropriate bias against the Plaintiffs and in favor of Mr. Pyle. James Keenan filed the Chapter 11 petition voluntarily. Mr. Pyle was appointed by the U.S. Trustee, not by Judge Bowie. NONE of Judge Bowie's rulings have been overturned on appeal—which is the appropriate route to take if one is unhappy with a decision—not to sue the Judge for conspiracy. Other than filing a complaint against Judge Bowie which contains the same unsupported allegations, the Plaintiffs have provided no basis for disqualification. That action by the Plaintiffs is an insufficient basis to disqualify a bankruptcy judge from presiding over this adversary proceeding. Finally, the Plaintiffs have not presented any authority for the proposition that their unsubstantiated

allegation that Judge Bowie failed to take an oath upon reappointment would be the basis for disqualification under § 455.

## IV

## CONCLUSION

By implication in the record, Judge Bowie has determined that he does not consider himself to hold a bias or prejudice toward the parties that would make fair judgment impossible. This Court also finds that Judge Bowie is not subject to disqualification under § 455. Plaintiffs have not asserted any facts to support their allegations of bias or prejudice. The motion is an attempt to get a fourth or fifth bite at the apple to undermine ten years of final rulings. The motion and underlying complaint result in a waste of judicial resources on issues that have already been decided under slightly different pleadings. The Plaintiffs have failed in their burden "to create in the mind of the fully informed objective disinterested observer a reasonable or significant doubt concerning the judge's impartiality".

The motion to disqualify Judge Peter Bowie is denied, and this Opinion constitutes the Court's findings of fact and conclusions of law. The Court will enter a separate Order this same date.