**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael BENOIT, Defendant—**
**Appellant.**

**No. 06–56457.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2008.*

Filed May 1, 2008.

Robert W. Metzler, Esq., John Schumann Fax, U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Plaintiff–Appellee.

Michael Benoit, Santee, CA, pro se.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Michael Benoit appeals pro se from the district court's order granting the petition of the Internal Revenue Service ("IRS") to enforce summonses and denying Benoit's motion for recusal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly concluded that it had subject matter jurisdiction over the action pursuant to 26 U.S.C. § 7604(a), and personal jurisdiction over Benoit, who was personally served with the petition and summonses. *See Burnham v. Superior Court,* 495 U.S. 604, 610–12, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (holding that personal service in a state is sufficient for establishing personal jurisdiction).

The district court did not commit clear error by enforcing the summonses because the proof of service indicates that Benoit was personally served with the summons in accordance with 26 U.S.C. § 7603. Further, the IRS has the authority to investigate Benoit's tax liability under 26 U.S.C. § 7602(a).

The district court did not abuse its discretion by denying Benoit's motion for recusal challenging the judge's prior rulings. *See United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (explaining that "a judge's prior adverse ruling is not sufficient for recusal").

The district court properly determined that Benoit could not assert a blanket Fifth Amendment privilege to avoid appearing at an administrative proceeding. *See United States v. Drollinger,* 80 F.3d 389, 392 (9th Cir.1996) (per curiam) (stating that a taxpayer confronted with a summons to appear for examination and produce documents must "present himself for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

questioning, and as to each question elect to raise or not raise the [Fifth Amendment] defense" (citation omitted)).

The district court did not violate Benoit's due process rights because Benoit was afforded notice and a meaningful opportunity to respond to the petition. *See Rio Prop., Inc., v. Rio Int'l Interlink,* 284 F.3d 1007, 1016–17 (9th Cir.2002) (stating that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (citation omitted)).

**AFFIRMED.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.