**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10065 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00149- MMC-1 |
| v. | |
| MICHAEL CHEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted March 11, 2014
San Francisco, California

Before:     FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Defendant Michael Chen appeals his conviction and his sentence. We

affirm.

**1.**     The district court did not err in denying Chen's suppression motion.

*See United States v. Aukai*, 497 F.3d 955, 958 (9th Cir. 2007) (en banc). Chen

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

waived any privilege by disclosing to the government documents that he gave to Tony Gu. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Further, "[e]ven if the evidence should have been suppressed, its admission was harmless beyond a reasonable doubt because the evidence was merely cumulative." *United States v. Studley*, 783 F.2d 934, 941 (9th Cir. 1986).

2.      The district court did not err in rejecting Chen's constitutional challenge to his mail fraud convictions under 18 U.S.C. § 1341. *See United States v. Navarro-Vargas*, 408 F.3d 1184, 1209 n.32 (9th Cir. 2005) (en banc). Chen's "mailing of false state tax returns constituted a violation of 18 U.S.C. § 1341," *United States v. Miller*, 545 F.2d 1204, 1216 n.17 (9th Cir. 1976), *abrogated on other grounds by Boulware v. United States*, 552 U.S. 421, 436 (2008), regardless of whether Chen "was required . . . to use the mails to submit the fraudulent tax forms," *United States v. Kellogg*, 955 F.2d 1244, 1247 (9th Cir. 1992).

3.      The district court did not abuse its discretion in admitting evidence of Chen's self-reported income from Fune Ya. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (en banc). The evidence's probative value was not "substantially outweighed by its prejudicial impact," *Perry v. New Hampshire*, 132 S. Ct. 716, 729 (2012), and any risk of unfair prejudice

2

was reduced by the district court's limiting instructions, *United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008).

**4.** The district court did not clearly err in calculating Chen's tax loss using U.S.S.G. § 2T1.1(c)'s presumptive rates. *See United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013). Section 2T1.1 "does not entitle a defendant to reduce the tax loss charged to him" based on unclaimed deductions, *United States v. Yip*, 592 F.3d 1035, 1041 (9th Cir. 2010), and the district court's finding that Chen failed to supply a more accurate tax loss calculation was far from clearly erroneous.

The judgment of conviction and the sentence are

**AFFIRMED.**