**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENEE M. ZINNI and MARCO S. D'ALONZO, a married couple,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>JACKSON WHITE, PC, Attorneys; et al.,<br><br>Defendants - Appellees. | No. 12-15571<br><br>D.C. No. 2:11-cv-02143-FJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted February 6, 2014[**]

Before: LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Plaintiffs Renee M. Zinni and Marco S. D'Alonzo appeal pro se the district

court's order dismissing for failure to state a claim their action against Defendants

Jackson White, PC, et al., and denying them leave to amend their complaint; the

order denying their motion to set aside the trustee's sale; and the order denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

their motion for recusal. The district court had jurisdiction over Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim, 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and over their claims arising under Arizona law, 28 U.S.C. § 1367(a). We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in denying Plaintiffs leave to amend their complaint under Federal Rule of Civil Procedure 15. Plaintiffs offer no theory of district court error, nor do they argue that they met the standard to amend. Therefore, the issue is waived on appeal. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003). Even were it not, we would affirm. Plaintiffs alleged that Defendants had aided and abetted the tortious conduct of M&I Bank. But all of Plaintiffs' claims against M&I Bank were dismissed at summary judgment in a prior related case, Zinni v. M&I Marshall & Ilsley Bank, No. CV-09-2035-PHX-FJM, 2011 WL 1792552 (D. Ariz. May 11, 2011) (unpublished) ("Zinni I"),[1] and so there was no principal tortfeasor as required by Arizona law, Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund, 38 P.3d 12, 23 (Ariz. 2002). The proposed amendment was futile on the merits, so the district court properly

---

[1] We affirm Zinni I in a disposition issued this date.

2

denied Plaintiffs leave to amend.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

2. The district court did not err in dismissing Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  We review de novo the district court's grant of a motion to dismiss, construing all facts in the light most favorable to the non-moving party.  Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1159 (9th Cir. 2012).  To survive a motion to dismiss, a complaint must state a cognizable legal theory and "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs allege seven counts against Defendants.  The district court properly dismissed Count 1 (violations of the FDCPA).  Plaintiffs' complaint alleges that Defendants fall within the statutory definition of "debt collectors" because they "regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  But the "complaint makes no factual allegations from which we could plausibly infer that [Defendants] regularly collect[] debts owed to someone other than [Defendants]."  Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir. 2013).  As substituted trustees, Defendants were not collecting the debt "owed . . . [to] another," id., and

3

the complaint alleges no facts from which to infer that Defendants "regularly" engage in the business of debt collection.

The district court properly dismissed Count 2 (violations of Arizona's deed of trust statutes). To the extent that Plaintiffs' claims arise out of events flowing from the 2009 default and notice of sale, they are barred by claim preclusion because they arise from the same claim—M&I Bank's attempt to foreclose on Plaintiffs' loan—that was finally adjudicated on the merits by the district court in Zinni I, Montana v. United States, 440 U.S. 147, 153 (1979), and because the claims "were or could have been raised in that action," Allen v. McCurry, 449 U.S. 90, 94 (1980). For the purposes of that action, Defendants, as M&I Bank's counsel and successor trustee, are in privity with M&I Bank, which was party to Zinni I. See, e.g., United States v. Schimmels (In re Schimmels), 127 F.3d 875, 881 (9th Cir. 1997) (collecting cases and noting that courts have found privity "where the nonparty had a significant interest and participated in the prior action" or "where the interests of the nonparty and party are so closely aligned as to be virtually representative" (internal quotation marks omitted)). The only claim on Count 2 not barred by claim preclusion is that the 2011 notice of sale failed to comply with Arizona's deed of trust statutes. But all of the specific failures alleged are violations of Arizona's mortgage foreclosure and forfeiture statutes, Ariz. Rev.

Stat. §§ 33-721 to 33-750, which apply only to "[m]ortgages . . . and deeds of trust of a type not included in the definition of deed of trust provided in § 33-801," id. § 33-721. Defendants allege no facts from which to infer that their deed of trust is covered by the mortgage statutes, rather than by the deed of trust statutes.

The district court properly dismissed Count 3 (tortious interference) because, under Arizona law, a lawyer acting as an agent of his client cannot tortiously interfere with the client's contract with a third party. Pasco Indus., Inc. v. Talco Recycling, Inc., 985 P.2d 535, 547 (Ariz. Ct. App. 1998); see also Am. Family Mut. Ins. Co. v. Zavala, 302 F. Supp. 2d 1108, 1121 (D. Ariz. 2003) (collecting cases). The only portion of Defendants' alleged conduct that plausibly could be read to stand outside the agency relationship is an allegedly improper assumption of a power of attorney. But that claim fails as well, because it is predicated on a witness requirement that does not apply where, as here, the principal is not a natural person. Ariz. Rev. Stat. § 14-5501(E)(1).

The district court properly dismissed Counts 4 (abuse of process), 5 (intentional and negligent infliction of emotional distress), and 6 (libel). Plaintiffs' claims on these counts turn on the argument that they were not in default. But the district court in Zinni I already considered that issue, rendering a final judgment on the merits against Plaintiffs. Plaintiffs are therefore precluded from raising the

5

same issue for a second time here.  Wolfson v. Brammer, 616 F.3d 1045, 1064 (9th Cir. 2010).  Because Plaintiffs were in default, the bank's counterclaim to foreclose was not an improper use of the judicial system, and there was no abuse of process.  Joseph v. Markovitz, 551 P.2d 571, 574 (Ariz. Ct. App. 1976).  Similarly, on the claim of intentional infliction of emotional distress, Defendants' alleged actions are normal steps to foreclose that do not constitute "'extreme and outrageous' conduct."  Watts v. Golden Age Nursing Home, 619 P.2d 1032, 1035 (Ariz. 1980), in light of Plaintiffs' default.[2]  And any statements that Plaintiffs were in default were true, barring a libel claim.  Godbehere v. Phoenix Newspapers, Inc., 783 P.2d 781, 787–88 & n.3 (Ariz. 1989).

On appeal, Plaintiffs do not argue that the district court erred by dismissing Count 7 (violations of Arizona's Consumer Fraud Act), and so any such argument is waived.  Indep. Towers, 350 F.3d at 929.

3. Plaintiffs offer no theory of district court error on the order denying their motion to set aside the trustee's sale, and so the issue is waived on appeal.  Id.

4. The district court did not abuse its discretion by denying Plaintiffs' recusal motion.  Jorgensen v. Cassiday, 320 F.3d 906, 911 (9th Cir. 2003).  A prior

---

[2]  On appeal, Plaintiffs do not argue that the district court erred by dismissing their claim for negligent infliction of emotional distress, so any such claim is waived.  Indep. Towers, 350 F.3d at 929.

adverse ruling is not sufficient cause for recusal, <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986), and nothing in the record suggests that the district court displayed favoritism or antagonism toward any of the parties, <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).

5.  Because we do not remand this case for further district court proceedings, we need not rule on Plaintiffs' request for disqualification of the district court judge under 28 U.S.C. § 2106.

**AFFIRMED.**