**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC DRAKE,

Plaintiff-Appellant,

v.

THE NIELLO COMPANY; et al.,

Defendants-Appellees.

No. 18-15763

D.C. No. 2:17-cv-01036-JAM-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 19, 2019[**]

Before: SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Eric Drake appeals pro se from the district court's judgment dismissing his action arising from the purchase of a used automobile. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017) (Fed. R. Civ. P. 12(c) dismissal);

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Drake's request for oral argument, set forth in his opening brief, is denied.

*Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005) (claim preclusion). We affirm.

The district court properly granted judgment on the pleadings on the basis of claim preclusion because Drake's claims were raised, or could have been raised, in the prior federal action, which involved the same parties or their privies and resulted in a final judgment on the merits. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (elements of claim preclusion); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (stating that a stipulated dismissal of an action with prejudice generally constitutes a final judgment on the merits for purposes of claim preclusion).

The district court did not abuse its discretion by declining supplemental jurisdiction over the one state law claim it found was not barred by claim preclusion. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (the district court in its discretion may "decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

Drake's contentions that Magistrate Judge Brennan and District Judge Mendez were biased, and that the case was improperly assigned, are unpersuasive. *See United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not

disqualified by a litigant's suit or threatened suit against him . . . .").

Appellees' motion to take judicial notice (Docket Entry No. 30) is granted.

**AFFIRMED.**