**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-16059 |
| Plaintiff-Appellee, | D.C. No. 4:18-cv-04788-PJH |
| v. | |
| WALTER JAMES KUBON; VALLY KUBON, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| STATE OF CALIFORNIA FRANCHISE TAX BOARD, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Walter James Kubon and Vally Kubon appeal pro se from the district court's summary judgment for the United States in its action to collect the Kubons' unpaid and delinquent federal taxes from the 2002 through 2004 tax years and to foreclose on their property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment for the United States because the Kubons failed to raise a genuine dispute of material fact as to whether the tax assessments against them or the liens against their property were invalid. *See* 26 U.S.C. § 7403(c) (authorizing the district court to decree a sale of property subject to a federal tax lien); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are entitled to the presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *United States v. Polk*, 822 F.2d 871, 873 (9th Cir. 1987) (a federal tax lien is presumptively valid if Form 668 is properly completed and filed in the correct location).

The district court did not abuse its discretion by denying the Kubons' motion to disqualify the district court judge because the Kubons presented no basis for disqualification. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring recusal).

The district court properly dismissed the Kubons' counterclaims because

the Kubons failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Adams v. Johnson*, 355 F.3d 1179, 1184-86 (9th Cir. 2004) (taxpayers cannot sue government officials for alleged constitutional violations regarding tax assessment and collection).

The district court properly denied the Kubons' motion to dismiss because the Kubons set forth no basis to dismiss the government's complaint. *See, e.g.*, 26 U.S.C. § 7402; 28 U.S.C. §§ 1340, 1345; *United States. v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (rejecting as frivolous taxpayer's argument that she was not a person or citizen subject to federal tax laws).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are denied.

**AFFIRMED.**