NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERI SAHM, | No. 23-35537 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01131-RSM |
| v. | |
| KARIM ALI; JAGROOP SINGH; SETH GOODSTEIN; KAITLYN JACKSON; BRADFORD G. MOORE; PATRICK OISHI; PATTI COLE-TINDALE; DEBBY SCHMITZ; ALAN KELLEY; AMY CRAWFORD; ANDREW SHEARS; B MILLER; BENJAMIN WHEELER; BOB LURRY; BRYAN PACEY; CANDACE BEKELEY; CAROL ANN NEELY; CHARLES HOSNER; COLIN CUFLEY; DAVID EASTERLY; GLENN BRENNAN; KEDRICK ANDERSON; KYLE SEKORA; MARK RORVIK; VADARIAN SAPP; ALAN BURTON; JESSIE BAKER; MICHAEL FANIA; KEVIN RIORDAN; RANDHIR GANDHI; TIMOTHY J. O'BRIEN; JUSTIN CROWLEY; MICHAEL KRUGER; JACKIE ANDERSON; RAYMOND DELAVERGNE; NICOLE GLOWIN; RANDE JOHNSEN; NATHAN SMITH; DAVID SWARTLEY; ANDREW CECERE; MIDORI SAGARA; MARISSA A. ALKHAZOV; PANDY MCVAY; JON SCHERER; MICHAEL SCOTT; KYMBER | MEMORANDUM* |

_____

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WALTMUNSON; HUGH L. STEWART;
JULIE WILHELM,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 24, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Teri Sahm appeals pro se from the district court's judgment dismissing for failure to state a claim her action challenging a foreclosure and eviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1115 (9th Cir. 2013). We affirm.

The district court properly dismissed Sahm's complaint because Sahm failed to explain how any of the defendants harmed her or why she was entitled to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged); *Bell Atlantic v. Twombly,* 550 U.S.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

544, 555 (2007) (plaintiff must provide a complaint that gives the defendant fair notice of the claim and the grounds upon which it rests). Moreover, the district court also properly found that Sahm's claims are barred by claim and issue preclusion because Sahm had previously litigated the foreclosure in at least two prior federal cases that resulted in final judgments on the merits. *See Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (claim preclusion requirements); *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (issue preclusion requirements).

The district court did not abuse its discretion in denying Sahm's motion to recuse the district court judge because Sahm offered no colorable basis for recusal. *See* 28 U.S.C. §§ 144, 455(a) (grounds for recusal); *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (standard of review; a judge's prior adverse ruling is not sufficient cause for recusal).

The district court did not abuse its discretion in denying Sahm's motion for a preliminary injunction because Sahm made no showing that she was likely to succeed on the merits of her claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (a plaintiff seeking a preliminary injunction must show, among other things, that she is likely to succeed on the merits and that she is likely to suffer irreparable harm in the absence of relief); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014) (standard of review).

3

The district court did not abuse its discretion in naming Sahm a vexatious litigant. Sahm received notice and an opportunity to respond; the record for review included Sahm's multiple federal lawsuits and bankruptcy petitions, all of which were dismissed for being meritless, untimely, or otherwise deficient; and the district court's order was narrowly tailored, barring Sahm from filing future actions against "*these* defendants . . . . concerning *this* Property." *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (standard of review and requirements for district courts to enter a vexatious litigant pre-filing order).

The district court did not abuse its discretion in denying Sahm's motion for reconsideration because she did not present any colorable basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review; reconsideration is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the law).

Sahm has not identified error in the district court's denial of her motion to compel a military tribunal or investigation.

Sahm's requests for judicial notice (Docket Entry Nos. 33, 34, 35) are DENIED.

**AFFIRMED.**

4